```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

EVELYN HAMBRICK,                  *

    Plaintiff,                   *

vs.                               *
                                        CASE NO. 4:14-CV-66 (CDL)
WAL-MART STORES EAST, LP, *et* *
*al*.,
                              *

    Defendants.
                                       *

## O R D E R

Plaintiff Evelyn Hambrick fell outside of a Wal-Mart store in Columbus, Georgia and seeks damages for her injuries. She sued Wal-Mart Stores East, LP ("Wal-Mart"), its store manager Mike Bibb, and its garden center department manager Tim Crump in the State Court of Muscogee County, Georgia. Defendants removed the action to this Court based on alleged diversity of citizenship jurisdiction. Plaintiff Hambrick, a Georgia citizen, filed a motion to remand because Defendants Bibb and Crump are also citizens of Georgia, and therefore, complete diversity does not exist. Defendants oppose the motion arguing that Bibb and Crump were fraudulently joined and that their citizenship should not be considered for purposes of diversity jurisdiction. As explained more fully in the remainder of this Order, Defendants have failed to establish fraudulent joinder.

Accordingly, Plaintiff's motion to remand (ECF No. 8) is granted.

## REMOVAL STANDARD

A defendant may remove a civil action filed in state court to federal court if the action could have been brought originally in federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Fraudulent joinder is a judicially created exception to the complete diversity requirement. *Id.* A court may disregard a resident (non-diverse) party's citizenship if the removing party establishes that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). "The burden of the removing party is a heavy one." *Id.* (internal quotation marks omitted). In making this determination, the Court must consider the plaintiff's pleadings at the time of removal and any supplemental affidavits submitted by the parties. *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005). Any questions of fact raised by the pleadings and affidavits

must be considered in the light most favorable to the plaintiff, and any uncertainties about state substantive law must similarly be resolved in favor of the plaintiff. *Crowe*, 113 F.3d at 1538. "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287.

## FACTUAL BACKGROUND

Hambrick alleges that she was injured when she fell due to an "unsafe and dangerous condition" outside of a store owned and operated by Defendant Wal-Mart. Compl. ¶¶ 11, 15-16, ECF No. 1-2. She asserts claims against Wal-Mart under Georgia law as the owner/occupier of the property and under principles of respondeat superior based on the alleged negligence of its employees. She also brings negligence claims against two individual Wal-Mart employees who worked at the store where she fell: Defendant Mike Bibb, the Wal-Mart store manager, and Defendant Tim Crump, the department manager of the Wal-Mart garden center.

Defendants contend that Hambrick has no claim under Georgia law against Bibb and Crump and that, therefore, they have been fraudulently joined. To decide this issue, the Court begins with an examination of the record at this stage of the

proceedings. Hambrick alleges that Bibb and Crump, as senior level managers, were responsible for the supervision of the store and the employees at the time of the incident, *Id.* ¶¶ 25-27, that they knew or should have known of the hazardous condition present on the front sidewalk, *id.* ¶¶ 20, 29, and that they failed "to perform [their] supervisory duties in a reasonable and prudent manner by failing to inspect the premises to discover the hazard," *id.* ¶ 31, by negligently supervising the assistant managers' and line-level employees' store hazard inspection, *id.* ¶¶ 31-32, by negligently developing and implementing safety polices regarding foreign substances on the floor, *id.* ¶¶ 33-35, and by failing to warn of such hazards, *id.* ¶ 30. Hambrick further alleges that Bibb and Crump qualify as occupiers under O.C.G.A. § 51-3-1 such that they owe a statutory duty to invitees on their premises. Compl. ¶¶ 28, 30, 36.

Bibb was the store manager when Hambrick fell but was not physically present at the store at the time. Bibb 1st Aff. ¶¶ 2-3, ECF No. 20-1. Wal-Mart's policy provides that "all employees are instructed to be vigilant for hazards existing on the property and to take steps to correct them." *Id.* ¶ 7. Bibb states that he does "not have the sole responsibility of maintaining and repairing the premises," does not set store policies, and is "only one of over 300 employees who carry out" those policies set by Wal-Mart. *Id.* ¶¶ 5, 7, 10. Bibb contends

4

that he did not create the alleged hazardous condition where Hambrick fell, was not aware that there was any such dangerous condition, and was not aware of any other incident of a person falling "on the sidewalk due to some defect in the sidewalk." Bibb 2d Aff. ¶¶ 4-5, ECF No. 13 at 15.

Crump was the department manager of the garden center who was on duty when Hambrick fell, but at the time he was not near the sidewalk area where she fell. Crump 1st Aff. ¶¶ 2-3, ECF No. 1-4 at 27. Like Bibb, Crump states that he, along with every employee, has a nonexclusive responsibility to look out for and correct hazards on the premises. *Id.* ¶ 7. He further contends that he "was not personally responsible for the sidewalks outside the store." *Id.* ¶ 11. And he explains that he does not set store policies, did not create the alleged dangerous condition, and was not aware of it nor any other falling incidents due to a defect in that sidewalk. *Id.* ¶ 5; Crump 2d Aff. ¶¶ 4-5, ECF No. 20-2.

It is undisputed that neither Bibb nor Crump is a party to the lease of the property and that they cannot arbitrarily admit or exclude customers from the store. Bibb 1st Aff. ¶¶ 6, 9; Crump 1st Aff. ¶¶ 6, 9. They also are not responsible for paying Wal-Mart's bills, taxes, or wages to employees. Bibb 1st Aff. ¶ 8; Crump 1st Aff. ¶ 8.

In her reply brief,[1] Hambrick specifies that the hazardous condition of the sidewalk consisted of a bicycle display with a long chain lying on the ground, which was set up by an employee and which blocked the sidewalk near an uneven curb.  The present record, when construed in Hambrick's favor, shows that Hambrick fell as she was walking in the area between the street and the sidewalk trying to avoid the chain that secured the bicycles.

## DISCUSSION

Defendants argue that Georgia law does not recognize a claim against individual employees for their negligence when the gravamen of the complaint is that a dangerous condition existed on their employer's property.  Relying on two Georgia Court of Appeals decisions, Defendants maintain that retail managers, categorically, are not owners or occupiers under O.C.G.A. § 51-3-1 and thus cannot be liable for negligence associated with keeping their employer's premises safe.[2]  In *Adams v. Sears, Roebuck & Co.*, the plaintiff sued a store manager for failing to inspect and maintain the store where she slipped on a hanger on the floor and fell.  227 Ga. App. 695, 695, 490 S.E.2d 150, 151-52 (1997).  The summary judgment record contained an affidavit

---

[1] Defendants filed a motion for leave to file a sur-reply to Hambrick's reply brief.  The Court hereby grants that motion (ECF No. 19) and considers Defendants' sur-reply in its ruling.

[2] Section 51-3-1 provides, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."  O.C.G.A. § 51-3-1.

6

of the manager stating that while he was the general manager, he had no ownership interest in the property. *Id.* at 695-96, 490 S.E.2d at 152. The court concluded in two sentences that the store manager was not an "owner or occupier" under O.C.G.A § 51-3-1 and that the store manager was entitled to summary judgment because the plaintiff "asserted no other basis for imposing personal liability on him." *Id.* at 697, 490 S.E.2d at 153. In *Wagner v. Casey*, the plaintiff sought to hold the alleged owner or occupier of a liquor store individually liable for personal injuries sustained on the premises. 169 Ga. App. 500, 500-01, 313 S.E.2d 756, 757 (1984). The summary judgment record included the defendant's affidavit establishing that "he had no individual operation or control over the property on which the alleged injury occurred, nor superior right to possession so as to establish liability within the purview of O.C.G.A. § 51-3-1." *Id.* at 501, 313 S.E.2d at 757. The Court found that summary judgment was proper as to the individual defendant because the plaintiff failed to establish any breach of duty owed to her by him individually. *Id.*

Hambrick responds with citation to another Georgia Court of Appeals decision, *Lee v. Myers*, in which the court held that the manager of the farmer's market where the plaintiff was injured owed her a duty to exercise reasonable care in maintaining the premises under O.C.G.A. § 51-3-1, affirming the denial of

summary judgment as to the manager. 189 Ga. App. 87, 87-88, 374 S.E.2d 797, 798-800 (1988). Georgia law in this area is unclear, and other federal district courts in Georgia have wrestled with this uncertainty. *See Parker v. Goshen Realty Corp.*, No. 5:11-CV-136 (MTT), 2011 WL 3236095, at *2-*3 (M.D. Ga. July 28, 2011) (discussing *Adams* and reasoning that the uncertainty in the law leaves the court "unable to conclude that there is no possibility that the . . . complaint states a cause of action against [the store manager]"); *Stephens v. Wal-Mart Stores East, LP*, No. 5:09-CV-325 (CAR), 2010 WL 1487213, at *1-*2 (M.D. Ga. Apr. 12, 2010) (remanding case to state court because "Georgia law was unclear as to a manager's liability in a slip-and-fall case"); *Ott v. Wal-Mart Stores, Inc.*, No. 5:09-CV-215 (HL), 2010 WL 582576, at *2-*3 (M.D. Ga. Feb. 16, 2010) (citing *Lee* and distinguishing *Adams* to find that plaintiff stated a plausible claim based on the Wal-Mart manager's breach of "duty to keep the premises safe"); *Poll v. Deli Mgmt., Inc.*, No. 1:07-CV-959-RWS, 2007 WL 2460769, at *4-*7 (N.D. Ga. Aug. 24, 2007) (comparing *Adams* with *Lee* and several other O.C.G.A. § 51-3-1 cases and concluding that this "uncertainty is enough to require remand"). *But see Woodward v. Wal-Mart Stores East, L.P.*, No. 5:09-CV-428 (CAR), 2010 WL 942286, at *2 (M.D. Ga. Mar. 12, 2010) (finding that plaintiff cannot establish cause of action against current store manager whose affidavit

undisputedly established that he was not employed at Wal-Mart at the time of the incident two years earlier).

Absent clear guidance from Georgia courts, this Court must resolve such uncertainties in Georgia law in Hambrick's favor. *Crowe*, 113 F.3d at 1538. Thus, the Court cannot conclude that for purposes of the present motion to remand that no cause of action exists under Georgia law for a claim against Bibb and/or Crump based on their individual failure to exercise reasonable care to keep the premises safe for customers such as Hambrick.[3] Furthermore, the Court finds that the present record, when viewed in the light most favorable to Hambrick, *id.*, does not preclude the possibility of individual causes of action against them.[4] Accordingly, the Court finds that Defendants have not carried their burden of demonstrating that Bibb and Crump were fraudulently joined. With Bibb and Crump as defendants in this

---

[3] This conclusion, of course, does not prohibit the Georgia courts from deciding definitively that no such cause of action exists under Georgia law under these circumstances. Moreover, the Court hastens to add that if it were deciding the issue de novo in another case in a different procedural posture, it may decide the issue differently. But under the fraudulent joinder standard, the Court is convinced that Defendants have not carried their burden.

[4] To avoid any misunderstanding of the Court's ruling, the Court emphasizes that it does not intimate that Bibb or Crump may not be entitled to dismissal or summary judgment on remand, a call to be made by the Georgia courts. All this Court decides today is that it does not have jurisdiction to decide that issue because Defendants have not carried their heavy burden of establishing fraudulent joinder. *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (per curiam) (noting the difference between a defendant's burden of establishing that a claim is not *plausible* to prevail on a 12(b)(6) motion to dismiss and a defendant's heavier burden of establishing that a claim is not even *possible* to establish fraudulent joinder).

action, complete diversity of citizenship does not exist, and this action must be remanded to the State Court of Muscogee County.

## CONCLUSION

For the reasons explained above, Hambrick's Motion to Remand to the State Court of Muscogee County (ECF No. 8) is granted, and the Clerk is directed to remand this action accordingly.

IT IS SO ORDERED, this 14th day of May, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
